**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Murray American Energy, Inc.**
**Employer Below, Petitioner**

**v.)**    **No. 25-577**    (JCN: 2020010683)
(ICA No. 25-ICA-1)

**Richard Yost**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc. appeals the June 27, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Murray American Energy, Inc. v. Yost*, No. 25-ICA-1, 2025 WL 1784907 (W. Va. Ct. App. Jun. 27, 2025) (memorandum decision). Respondent Richard Yost filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the December 2, 2004, order of the Workers' Compensation Board of Review reversing the January 3, 2023, claim administrator's order granting Mr. Yost a 19% permanent partial disability award ("PPD"). Instead, the Board of Review granted him an additional 14% PPD award for a total award of 33% PPD.

On appeal, the employer argues that the ICA and Board of Review erred in failing to properly evaluate the conclusions of Prasadarao B. Mukkamala, M.D., and Bruce Guberman, M.D., with regard to the claimant's permanent impairment resulting from his compensable concussion-related diagnoses. The employer contends that the lower tribunals decided that Dr. Guberman's report was the most persuasive evidence of the claimant's permanent impairment solely upon Dr. Mukkamala's decision to apportion part of the claimant's cervical and lumbar impairment to preexisting degenerative changes based on imaging studies that showed degenerative changes. As a result, Dr. Mukkamala opined 19% whole person impairment resulting from the claimant's compensable injury. The employer further argues that Dr. Mukkamala's rating for the claimant's compensable concussion-related diagnoses; conclusion, post-concussion syndrome, post-traumatic headaches, and disequilibrium, is the most reliable evidence of the claimant's permanent impairment in the record. Therefore, the ICA erred in accepting Dr. Guberman's ratings, which were not apportioned, for the listed conditions. The claimant counters by arguing that the Board of Review and ICA correctly applied West Virginia law and noted that that there was no proof to support that apportionment was warranted in the case. Furthermore, the

---

[1] The petitioner is represented by counsel Aimee M. Stern, and the respondent is represented by counsel J. Thomas Greene Jr. and T. Colin Greene.

claimant asserts that because Dr. Mukkamala failed to state a basis for apportionment, the employer did not meet its burden of demonstrating that the Board of Review was clearly wrong in awarding the claimant a 33% PPD award.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: January 13, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III